**MICHAEL N. FEUER, City Attorney (SBN 111529)**  No Fee Required Gov't Code § 6103
**CRAIG TAKENAKA, Managing Assistant City Attorney (SBN 128898)**
**DEBORAH BREITHAUPT, Deputy City Attorney (SBN 170206)**
**OFFICE OF THE LOS ANGELES CITY ATTORNEY**
**City Hall East, 200 North Main Street, Suite 916**
**Los Angeles, CA 90012-4130**
**Telephone: (213) 978-7965/Facsimile: (213) 978-7957**
**Email: Deborah.breithaupt@lacity.org**

Attorneys for Defendants City of Los Angeles and Los Angeles Housing and Community Investment Department, f/k/a Los Angeles Housing Department (all referred to as the "City")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDI GARRIS, JOHN SWITZER and JASON TEAGUE, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES and LOS ANGELES HOUSING AND COMMUNITY INVESTMENT DEPARTMENT, f/k/a LOS ANGELES HOUSING DEPARTMENT, <br><br> Defendants. | Case No.2:17-CV-01452 MWF (Ex) <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS THE CLASS ACTION COMPLAINT UNDER FED. R. CIV. P. 12(b)(1) AND 12(b)(6), AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(e); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION** <br><br> **Date: April 24, 2017** <br> **Time: 10:00 a.m.** <br> **Ctrm.: First Street Courthouse** <br> **350 West First Street** <br> **Courtroom 5A** <br> **Los Angeles, CA 90012** |

1

MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on Monday, April 24, 2017 at 10:00 a.m. in Courtroom 5A located at 350 West First Street, Los Angeles, CA 90012, of the above-entitled Court, Defendant City of Los Angeles (and the erroneously sued LOS ANGELES HOUSING AND COMMUNITY INVESTMENT DEPARTMENT and f/k/a LOS ANGELES HOUSING DEPARTMENT") move to dismiss the Class Action Complaint for failure to state a claim upon which relief may be granted under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6), including:

1. The *Patel* Case Upon Which This Case Purports To Be Based Is An As-Applied Facial Challenge Based On Stipulated Facts.

2. The First Cause of Action Alleged Under 42 U.S.C. § 1983 And The Fourth Amendment, Facially Challenging Aspects of The SCEP Ordinance Should Be Dismissed Under FRCP 12(b)(1) and 12(b)(6) Because These Challenges Are All Time Barred.

3. The First Cause of Action Alleged Under 42 U.S.C. § 1983 And The Fourth Amendment, Facially Challenging Aspects of The SCEP Ordinance Should Be Dismissed Under FRCP 12(b)(1) and 12(b)(6) As No Facts Allege Unconstitutionality In The Relevant Circumstances.

/ / /

/ / /

/ / /

2

MOTION TO DISMISS

4.   The First Cause of Action Alleged Under 42 U.S.C. § 1983 And The Fourth Amendment, Facially Challenging Aspects Of The SCEP Ordinance Should Be Dismissed Under FRCP 12(b)(1) and 12(b)(6) As SCEP Inspections Are Noticed With Time Given To Seek Judicial Intervention, Except For Complaints and Exigent Circumstances.

5.   The First Cause of Action Alleged Under 42 U.S.C. § 1983 And The Fourth Amendment, Facially Challenging Aspects Of The SCEP Ordinance Should Be Dismissed Under FRCP 12(b)(1) and 12(b)(6) As Commercial Rental Property Ownership, Standing Alone, Is Not An Enumerated Fourth Amendment Interest.

6.   The First Cause of Action Alleged Under 42 U.S.C. § 1983 And The Fourth Amendment, Facially Challenging LAMC § 161.601 Allowing Use Of Inspection Warrants Fails To Allege Facts Upon Which Relief Might Be Granted.

7.   The Class Action Allegations Fail To Allege Any Protected Interest Or Typicality, And Do Not Comply With Rule 23.

8.   Should The Court Decline To Grant The Motion, Defendant Requests A More Definite Statement Under FRCP 12(e).

///

///

3

MOTION TO DISMISS

In the alternative, Defendant City requests the Court to order a more definite statement of facts under Rule 12(e) of the Federal Rules of Civil Procedure.

This Motion was made following a pre-filing conference of counsel pursuant to Local Rule 7-3 between Plaintiff's counsel Dominic Surprenant of Quinn Emanuel Urquhart & Sullivan Weiser and Defendant's counsel Deputy City Attorney Deborah Breithaupt of the Los Angeles City Attorney's Office. Defense counsel also sent Plaintiff's counsel a letter detailing the many grounds for the instant Motion. Plaintiffs' counsel did not agree with the defense analysis of this case and intends to oppose this Motion on all grounds. Declaration of Breithaupt ¶ 2.

This Motion is based on this Notice of Motion, the allegations in the Class Action Complaint, the Memorandum of Points and Authorities attached hereto, Exhibit A attached to the Complaint, the declaration served and filed concurrently herewith, the pleadings and papers on file herein, and on any oral argument as may be presented at the hearing of the Motion.

Dated: March 21, 2017    MICHAEL N. FEUER, City Attorney
                         CRAIG TAKENAKA, Man. Asst. City Atty.
                         DEBORAH BREITHAUPT, Deputy City Atty.

                    By:_____/s/_____
                         DEBORAH BREITHAUPT

                    Attorneys for Defendant City of Los Angeles, Los Angeles Housing and Community Investment Department, f/k/a Los Angeles Housing Department

4

MOTION TO DISMISS

TABLE OF CONTENTS

Page(s)

MEMORANDUM OF POINTS AND AUTHORITIES. . . . . . . . . . . .   1

I.   STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . .   2

II.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

  1.   The *Patel* Case Upon Which This Case Purports
       To Be Based Is An As-Applied Facial Challenge
       Based On Stipulated Facts. . . . . . . . . . . . . . . . . . . .   2

  2.   The First Cause of Action Alleged Under 42 U.S.C.
       § 1983 And The Fourth Amendment, Facially
       Challenging Aspects of The SCEP Ordinance
       Should Be Dismissed Under FRCP 12(b)(1) and
       12(b)(6) Because These Challenges Are All
       Time Barred. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

  3.   The First Cause of Action Alleged Under 42 U.S.C.
       § 1983 And The Fourth Amendment, Facially
       Challenging Aspects of The SCEP Ordinance
       Should Be Dismissed Under FRCP 12(b)(1) and
       12(b)(6) As No Facts Allege Unconstitutionality
       In The Relevant Circumstances. . . . . . . . . . . . . . . . .   6

  4.   The First Cause of Action Alleged Under 42 U.S.C.
       § 1983 And The Fourth Amendment, Facially
       Challenging Aspects Of The SCEP Ordinance
       Should Be Dismissed Under FRCP 12(b)(1) and
       12(b)(6) As SCEP Inspections Are Noticed With
       Time Given To Seek Judicial Intervention . . . . . . . . .   12

i.

MOTION TO DISMISS

5.  The First Cause of Action Alleged Under 42 U.S.C.
§ 1983 And The Fourth Amendment, Facially
Challenging spects Of The SCEP Ordinance
Should Be Dismissed Under FRCP 12(b)(1) and
12(b)(6) As Commercial Rental Property Ownership,
Standing Alone, Is Not An Enumerated Fourth
Amendment Interest. . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

6.  The First Cause of Action Alleged Under 42 U.S.C.
§ 1983 And The Fourth Amendment, Facially
Challenging LAMC § 161.601 Allowing Use Of
Inspection Warrants Fails To Allege Facts Upon
Which Relief Might Be Granted. . . . . . . . . . . . . . . . .  15

7.  The Class Action Allegations Fail To Any
Protected Interest Or Typicality, And Does Not
Comply With Rule 23. . . . . . . . . . . . . . . . . . . . . . . . .  16

8.  Should The Court Decline To Grant The Motion,
Defendant Requests A More Definite Statement
Under FRCP 12(e). . . . . . . . . . . . . . . . . . . . . . . . . . .  18

III.   CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  19

i.

ii.

MOTION TO DISMISS

1

## TABLE OF AUTHORITIES

2

**Cases**                                                                    **Page(s)**

3

4

*Ashcroft v. Iqbal*

5

  (2009) 556 U.S. 662, 678 ........................................................................ 2

6

*Balistreri v. Pacifica Police Dept*

7

  901 F.2d 696, 699 (9th Cir. 1988)................................................................ 2

8

*Big Creek Lumber Co. v. County of Santa Cruz*

9

  (2006) 38 Cal. 4th 1139, 1151-1152. ..................................................... 7

10

*Braunstein v. Ariz. Dept. of Transp.*

11

  (9th Cir. 2012) 683 F. 3d 1177, 1184 .................................................. 2

12

*Bureerong v. Uvawas*

13

  (C.D. Cal. 1996) 922 F. Supp. 1450, 1461............................................... 18

14

*Butler v. Elle*

15

  (9th Cir. 2002) 281 F. 3d. 1014, 1021 ................................................. 6

16

*Butler v. Elle*

17

  281 F. 3d. 1014,1021 (9th Cir. 2002)................................................... 6

18

*Camera v. Municipal Court*

19

  (1967) 387 U.S. 523, 18 L. Ed. 2d 930, 87 S. Ct. 1727 ................. 8, 12, 13

20

*Carson Harbor Village Ltd. v. City of Carson*

21

  (9th Cir. 1994) 37 F.3d 468, 476.......................................................... 3

22

*City of Los Angeles v. Patel*

23

  (2015) 135 S. Ct. 2443,192 L. Ed. 2d 435 ....................................... 1, 2, 14

24

*City of Seattle*

25

  (1967) 387 U.S. 541,18 L. Ed. 2d 943, 87 S. Ct. 1737............................. 13

26

*Currier v. City of Pasadena*

27

  (1975) 48 Cal. App. 3d 801, 815-817, stating .......................................... 11

28

## MOTION TO DISMISS

1   *De Anza Props. X, Ltd. v. County of Santa Cruz*
2      (9th Cir. 1991) 936 F.2d 1084, 1087 .............................................................4
3   *Florida v. Jimeno*
4      (1991) 500 U.S. 248, 250 .........................................................................7
5   *Gemtel Corp. v. Community Redevelopment Agency*
6      (9th Cir. 1994) 23 F.3d 1542, 1544, ...........................................................5
7   *Goldblatt v. Hempstead*
8      (1962) 369 U.S. 590, 596 .........................................................................7
9   *Jones v. Community Redevelopment Agency*
10     (9th Cir. 1994) 733 F.2d. 646, 650-651 ........................................................6
11  *Kokkonen v. Guardian Life Ins. Co. of America*
12     (1994) 511 U.S. 375, 114 S. Ct. 1673, 1675...............................................6
13  *Landfield v. City of Los Angeles*
14     (9th Cir. Cal. 2013) 729 F.3d 1189, 1192......................................................8
15  *Lujan v. Defenders of Wildlife*
16     (1992) 504 U.S. 555, 560-561, 112 S. Ct. 2130, 110 L. Ed. 2d 351..........6
17  *Marriage of Siller*
18     (1986) 187 Cal.App.3d 36, 50.....................................................................6
19  *Marshall v. Barlow's, Inc.*
20     (1978) 436 U. S. 307, 313, 98 S. Ct. 1816, 56 L. Ed. 2d 305..................14
21  *NLRB v. Jones & Laughlin Steel Corp.*
22     (1937) 301 U.S. 1, 30; 57 S. Ct. 615; 81 L. Ed. 893....................................7
23  *Patel v. City of Montclair*
24     (2015) 798 F.3d 895. ........................................................................2, 14
25  *People v. Tillery*
26     (1989) 211 Cal. App.3d 1569, 1575, 260 Cal. Rptr. 320 ...........................9
27
28
iv.

Sylvia *Landfield Trust v. City of Los Angeles*
  (9th Cir. 2013) 729 F. 3d 1189.......................................................................7

*Thornhill Pub. Co. v. General Tel. & Elec. Corp.*
  (9th Cir. 1979) 594 F.2d 730, 733)...............................................................4

*Tobe v. City of Santa Ana* (1995) Cal. 4th 1069........................................5, 7

*Travis v. County of Santa Cruz*
  (2004) 33 Cal. 4th 757 ..................................................................................4

*United States v. Davis*
  (9th Cir. Cal. 1973) 482 F.2d 893, 910.......................................................15

*Wash. v. State Grange v. Wash. State Republican Party*
  (2008) 552 U.S. 442, 450,128 S. Ct. 1184......................................................3

*Wyman v. James*
  (1971) 400 U.S. 309, 27 L. Ed. 2d 408, 91 S. Ct. 381................................13

**Statutes**

§ 41.49 (3) (a)......................................................................................................2

161.405 ................................................................................................................5

42 U.S.C. § 1983 ................................................................................................

556 U.S. at 678....................................................................................................2

Cal. Government Code § 65009(c) ....................................................................4

Cal. Government Code § 66499.37 ...................................................................4

Cal. Gov't Code § 65009(c)(1)(B) ....................................................................4

California Code of Civil Procedure § 1822.50. ...............................................15

Fed. R. Civ. P. 8(a). ...........................................................................................2

Fed. R. Civ. Proc. 23 .......................................................................................16

Fed. R. Evid. Rule 201(d), ................................................................................2

Health & Safety Code §§ 17920.3, 17961, 17980 to 17992 ..........................7

LAMC § 161.102(1)-(2). ..................................................................................15

v.

MOTION TO DISMISS

LAMC § 161.352................................................................................................5

LAMC § 161.353................................................................................................5

LAMC § 161.401............................................................................................5, 8

LAMC § 161.408..............................................................................................12

LAMC § 161.601..................................................................................9, 10, 15

LAMC § 161.602.2..............................................................................................9

LAMC § 161.603................................................................................................5

LAMC § 161.905................................................................................................5

LAMC § 161.906................................................................................................5

LAMC §§ 161.101..............................................................................................1

LAMC §§ 161.352..............................................................................................5

LAMC §161.408.................................................................................................9

**Rules**

FRCP 12(E).......................................................................................................18

FRCP 12(e) .......................................................................................................18

vi.

MOTION TO DISMISS