1  **MICHAEL N. FEUER, City Attorney (SBN 111529)**
2  **CRAIG TAKENAKA, Managing Assistant City Attorney (SBN 128898)**
   **DEBORAH BREITHAUPT, Deputy City Attorney (SBN 170206)**
3  **OFFICE OF THE LOS ANGELES CITY ATTORNEY**
4  **City Hall East, 200 North Main Street, Suite 916**
   **Los Angeles, CA 90012-4130**
5  **Telephone: (213) 978-7965/Facsimile: (213) 978-7957**
6  **Email: Deborah.breithaupt@lacity.org**
   Attorneys for Defendants City of Los Angeles etc.
7

8

9            **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11

12  BRANDI GARRIS, JOHN SWITZER   )  **Case No.2:17-CV-01452 MWF (Ex)**
    and JASON TEAGUE,             )
13                                )
14            Plaintiffs,         )  **DEFENDANT CITY'S**
                                  )  **SUPPLEMENTAL BRIEF**
15       vs.                      )
                                  )
16  CITY OF LOS ANGELES and LOS   )  (Tables Filed Under Separate Cover)
    ANGELES HOUSING AND           )
17  COMMUNITY INVESTMENT          )
18  DEPARTMENT, f/k/a LOS ANGELES )
19  HOUSING DEPARTMENT,           )
                                  )
20            Defendants.         )
                                  )
21  _____)

22

23  **1.    Standing.**

24       **A.    No Colorable Injury-in-Fact Or Proximate Cause.**

25       The burden of pleading a violation of federally protected rights under color

26  of law, including the inapplicability of warrant exceptions, rests on the Plaintiff.

27  *Larez v. Holcomb* (9th Cir. 1994) 16 F.3d 1513, 1517, 1994 U.S. App. LEXIS

28

                                    1
   _____
                    CITY'S SUPPLEMENTAL BRIEF

2995, *11. Article III standing requires Plaintiffs to allege facts establishing they have sustained an injury-in-fact or invasion of a legally protected interest which is concrete and particularized; a causal connection between the injury and defendant's conduct or omissions; and a likelihood that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife (1992)* 504 U.S. 555, 560-561, 112 S.Ct. 2130, 2136; *Jones v. Comm. Redevelopment Agency* (9th Cir. 1994) 733 F.2d. 646, 650-651.

A liberal interpretation of civil rights claims may not supply the essential pleading elements of such claim. *Bruns v. Nat'l Credit Union Admin.* (9th Cir. 1997) 122 F. 3d 1251, 1257. To survive dismissal, a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868.

Here, Plaintiffs do not seem to dispute that California Constitution, art. XI, § 7 empowers the City to make/enforce all police, sanitary and other ordinances not in conflict with general laws. The City Housing Department has the authority to regulate residential rental housing for the public good. Cal. Health & Safety Code § 17910, § 17960, § 17964; Court Doc. 8, Complaint, Ex. A, pgs. 3 - 8, LAMC § 161.301, § 161.401- § 161.405. Government Code § 36901 states the city may impose fines, penalties, and forfeitures for violations of ordinances, including imprisonment.

SCEP is the vehicle by which the City implements these police powers at residential rental properties by employing three kinds of inspections: (1) Periodic Inspections; (2) Complaint Inspections; and (3) Exigent Circumstances or Reasonable Cause Inspections. In a cursory manner, Plaintiffs impliedly allege only the conclusion that all of these inspections violate their Fourth Amendment

2

1  rights because they either pay SCEP Fees or face imposition of SCEP penalties,

2  which supposedly forces them to consent to inspections. But, there are no specific

3  facts alleged showing the elements of any Section 1983 claim. Because the facial

4  challenge is time barred, Plaintiffs were required to allege their as-applied Section

5  1983 challenges based upon individual injuries arising from an actual searches or

6  seizures. Having fallen short of this pleading burden to allege specific facts, the

7  Motion should be granted.

8

9  **B.   SCEP Fees And Penalties Lack Proximate Cause To Any Injury.**

10  It is well established that the District Court's duty to establish subject

11  matter jurisdiction is not contingent on the parties' arguments. *United Investors*

12  *Life Ins. Co. v. Waddell & Reed Inc.* (9th Cir. 2004) 360 F. 3d 960, 966. Mere

13  reference to federal laws to support a claim does not convert such claim into a

14  federal cause of action. *Nevada v. Bank of America* (9th Cir. 2012) 672 F.3d 661,

15  675. The instant Plaintiffs Fourth Amendment standing is based on conclusions

16  about Section 1983 searches and seizures, and their alleged payment of SCEP

17  Fees which they claim leads to coerced inspections. The Court has noted that

18  Plaintiffs have not alleged any Section 1983 facts nor how the payment of SCEP

19  fines or penalties has coerced any inspection. Court Doc. 20, pg. 1, ¶ 2.

20  Aside from these pleading deficiencies, there is a lack of proximate cause as

21  between the Fourth Amendment, payment of SCEP fees and/or imposition of civil

22  and criminal penalties. Specifically, SCEP Fees are charged "… to finance the

23  costs of inspection and enforcement by the Department" as to Periodic

24  Inspections. LAMC § 161.352[1]. Court Doc. 8, Complaint, Ex. A, pg. 6, LAMC §

25

26

27  [1] The SCEP Fee is charged only for conducting Periodic Inspections. Docket No. 8, Complaint,
Ex. A, pg. 5, LAMC § 161.352. No fee is imposed for the initial Complaint Inspection.

28  Inspection fees beyond the annual Periodic SCEP Fee may be charged if a Notice and Order To

3

CITY'S SUPPLEMENTAL BRIEF

161.352.   The Court seemed to concur that Periodic Inspections fall within the plainly legitimate sweep of regulatory residential housing code inspections and passes Fourth Amendment scrutiny sufficient to render these inspections moot in this case. Therefore, the payment of SCEP fees, absent contrary allegations, raises only as-applied instances of Periodic Inspections where consent was not given since: (1) SCEP Fees pay only for the Periodic Inspections; (2) government duties are presumed to be regularly performed (Cal. Evidence Code § 664) and SCEP mandates of adherence to federal law; and (3) there are no allegations of any government action taken in excess of these SCEP restrictions. See Court Doc. 8, Complaint, Ex. A, pg. 8, LAMC § 161.408.

Plaintiffs contentions about imposition of civil and criminal penalties fares no better because: (1) no penalties are alleged; (2) administrative review procedures are available; (3) imposition of criminal penalties are vested with an outside agency; and (4) civil penalties may be imposed if SCEP Fees are not timely paid (Court Doc. 8, Complaint, Ex. A, pg. 21-22, LAMC 161.903.1, 161.903.2) or due to unabated cited violations according to proof in a subsequent civil action. Court Doc. No. 8, Complaint, Ex. A, pg. 22-23, LAMC 161.905. Additionally, preceding any non-payment scenario, and therefore involuntary imposition of civil penalties, SCEP provides landlords with an appeal of fees before a Senior Inspector (Court Doc. No. 8, Complaint, Ex. A, pg. 23-24, LAMC § 161.1001.1) or the ability to file for a claim of exemption from SCEP fees (Court Doc. 8, Complaint, Ex. A, pg. 20, LAMC § 161.901.3.A-D). These additional remedies show that the instant Plaintiffs had the opportunity for pre-

---

Comply has been issued and "the violation continues to exist on a date after the order expires" or when a third inspection is required.  Docket No. 8, Complaint, Ex. A, pg. 19, LAMC §§161.901.1-161.901.2. All fees are appealable. Id.

4

CITY'S SUPPLEMENTAL BRIEF

compliance review that could prevent imposition of penalties based on their administrative actions, thereby breaking the chain of alleged causation.

As for criminal penalties, SCEP states that prosecution referrals occur after an inspection is completed, an order to comply is issued, and the landlord fails to comply, or when a landlord fails to pay for invoiced fees and never successfully administratively appeals same. These temporal events before criminal prosecution referrals shows there is no direct proximate cause circumstance as between a refusal to allow a property inspection and a criminal prosecution referral, thereby making the instant civil rights based on criminal penalties not ripe and so attenuated as to lack facial plausibility. Lastly, misdemeanor filings involve contingent, prospective discretionary events of an outside agency (City Attorney's Office) which is not chargeable as state action to the City.

**C.     Qualified Immunity Dictates Dismissal For Lack Of Injury.**

In order to allege a Section 1983 claim, Plaintiffs must allege facts sufficient to raise an inference about individual deprivations by a person acting under color of state law, of the rights, privileges and immunities provided by the Constitution. *Butler v. Elle* (9th Cir. 2002) 281 F. 3d. 1014, 1021. Qualified immunity applies to Section 1983 actions as an entitlement not to stand trial or face the other burdens of litigation, including defense of this lawsuit.  The privilege operates as an immunity from suit rather than a mere defense to liability. *Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818, 73 L. Ed 2d 396, 102 S. Ct. 2727, L. Ed. 2d 396.  City Housing Inspectors make on-the-spot decisions about evolving circumstances at rental properties about whether there exists an imminent threat to the health and safety of tenants such that a warrant exception to entry onto private property might apply. Qualified immunity could obviously apply to such allegations. Plaintiffs exclusive reliance upon only formalistic recitations of the some of the

5

1
2
3

elements of 42 U.S.C § 1983 is not only legally insufficient (*Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed 2d. 929) but also has robbed the City of its right to interpose an early qualified immunity defense.

4

**D.     The Lack Of Any As-Applied Facts Equals No State Action.**

5
6
7
8
9
10
11
12
13
14

To allege a Section 1983 claim against a municipality, a plaintiff must show: (1) that an employee was acting pursuant to an expressly adopted official policy; (2) that an employee was acting pursuant to a longstanding practice or custom; or (3) that an employee was acting as a 'final policymaker.'" *Lytle v. Carl* (9th Cir. 2004) 382 F.3d 978, 982, 2004 U.S. App. LEXIS 18476, *5. The policy of a municipality is its official rules and regulations, and must be the proximate cause of the violation of a plaintiff's constitutional right to allege a § 1983 claim. *City of Oklahoma City v. Tuttle* (1985) 471 U.S. 808, 105 S. Ct. 2427, 85 L. Ed. 2d 791.

15
16
17
18
19
20
21

Here, the Complaint never identifies any specific SCEP Ordinance as being the proximate cause of any specific Plaintiff's Fourth Amendment rights. Even so, under *Monell v. Dep't of Soc. Servs.* (1978) 436 U.S. 658, 691, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611, Plaintiffs "… cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee." *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233, 1989 U.S. App. LEXIS 2301, *4 (9th Cir. 1989).

22
23
24
25
26
27
28

Plaintiffs allege harm of coerced inspections due to paying SCEP Fees and/or penalties – all isolated and highly fact specific occurrences which do not allege state action or colorable *Monell* facts. Nor have Plaintiffs alleged any § 1983 injury sustained as the result of conduct of any one person who had final policymaking authority as required for state action. Under the facts alleged, it is presumed that an agency regularly performs its duty [*Young v. Gannon* (2002) 97

6

Cal. App. 4th 209, 225, 118 Cal. Rptr. 2d 187, 200], thereby providing a heightened pleading burden. Because § 1983 is not self-executing and creates no substantive rights (*Cannon v. Taylor* (11th Cir. 1986) 782 F.2d 947, 949 , 1986 U.S. App. LEXIS 22350, *3), not every deprivation amounts to a constitutional violation nor gives Plaintiffs a claim under § 1983. *Dollar v. Haralson County* (11th Cir.) 704 F.2d 1540, 1543, cert. denied, (1983) 464 U.S. 963, 104 S. Ct. 399, 78 L. Ed. 2d 341.  On these grounds, the Motion should be granted.

**E.    Lack of Standing Due To Time Barred Claims.**

A facial challenge to most statutes and ordinances can be brought within three years of enactment. Cal. Code Civil Procedure ("CCP") § 338; *Travis v. County of Santa Cruz* (2004) 33 Cal. 4th 757, 771, 94 P.3d 538, 545, 16 Cal. Rptr. 3d 404, 413. Cal. Gov. Code § 65009(c)(1)(b)[2] has a 90-day limitations period to challenge zoning ordinances. SCEP is a land use ordinance concerning the use and occupancy of rental property, which speaks of zoning laws. SCEP was enacted in 1998. Complaint Exhibit A, pg. 2, Article I, "(Chapter and Article Added By Ord. No. 172,109, Eff. 7/15/98)". Regardless of the state statute, any right of Plaintiffs to bring a facial challenge to SCEP passed since this lawsuit was filed in 2017 and the latest enactment date of SCEP is 2011. Moving Papers 5:3-26.

Any as-applied facial challenge to SCEP that might be plead by Plaintiffs necessarily means there must be an infringement of individual rights.  "[I]n order to claim protection of the Fourth Amendment, a [person] must demonstrate the he personally has an expectation of privacy in the place searched...." *Minnesota v. Carter*, 525 U.S. 83, 88,119 S. Ct. 469; 142 L. Ed. 2d 373 (1998). To claim the protection of the Fourth Amendment, an expectation of privacy in the place

---

[2] This Court earlier opined that the government code limitations period does not apply; a point respectfully not conceded.

CITY'S SUPPLEMENTAL BRIEF

searched must exist and the expectation must be reasonable (i.e., one that has a source outside of the Fourth Amendment), either by reference to concepts of real or personal property law, or understandings that are recognized and permitted by society. *Id*. Here, the statute of limitations on any possible as-applied facial challenges to the application of SCEP has a two-year statute of limitations period under Cal. Code Civil Procedure § 335.1 (applies to claims of injury to person). During oral argument on the instant FRCP 12(b)(6), counsel for Plaintiffs adhered to their opinion that there are no as-applied facts relevant to this case. Because no as-applied facts within the two-year personal injury limitations period have been plead, nor exists, the only conclusion that may be drawn is that none exist within the two-year limitations period, thus warranting granting of the Motion.

F.    **Lack of Standing Due Failure To Exhaust Remedies.**

An administrative remedy is exhausted only upon termination of all available, non-duplicative administrative review procedures. *Coachella Valley Mosquito & Vector Control Dist. v. Cal. Pub. Emp't Relations Bd.* (2005) 35 Cal. 4th 1072, 1080, 112 P.3d 623; 29 Cal. Rptr. 3d 234. The exhaustion of administrative remedies is jurisdictional (*Johnson v. City of Loma Linda* (2000) 24 Cal. 4th 61, 70, 5 P.3d 874; 99 Cal. Rptr. 2d 316) and promotes prudential considerations of allowing the City to apply its subject matter expertise, apply statutorily delegated remedies, and to mitigate damages. *Rojo v. Klinger* (1990) 52 Cal. 3d 65, 86, 801 P.2d 373; 276 Cal. Rptr. 130.

SCEP fees may be administratively challenged[3] under LAMC § 161.1001.1 (Complaint, Exhibit A, pg.19) and/or a request for exemption from fees may be

---

[3] The City may impose appealable penalties when "...any fee or cost imposed...are not paid within 30 days of service of notice of imposition of the fee or cost..." Docket No. 8, Complaint, Ex. A, pg. 20-22, LAMC 161.903.1, § 161.905, § 161.903.2, § 161.1001.1. If there is a

8

sought under LAMC § 161.901.3.A-D (Complaint, Exhibit A, pg.19). SCEP penalties may also be administratively challenged

Plaintiffs allege their individual civil rights claims based upon personal injuries arising from the imposition of SCEP penalties and fees associated with purported unlawful searches and seizures.  Although each of these claims are subject to individual pleading proof since constitutional claims may not be vicariously asserted, Plaintiffs have not alleged any as-applied Fourth Amendment facts. This pleading deficiency leads to an inference that Plaintiffs have no timely as-applied claims. Vague conclusions about suffering SCEP penalties do not save the Complaint from dismissal, but rather make things worse, because: (1) no actual penalties are alleged; and (2) the existence of penalty exhaustion requirements suggests the existence of a controversy not ripe for review since there are no allegations about exhaustion.  There is no ordinance in SCEP allowing for imposition of penalties against tenants, nor imposition of penalties if inspection consent is withheld. Thus, assuming, without conceding, that Plaintiffs had alleged any as-applied civil fees or penalties, such circumstances would still fail to plead a ripe Section 1983 claim due to the failure to exhaust administrative remedies.

**G.     SCEP Fee Payments Do Not Implicate Coerced Inspections**.

In determining whether consent is voluntarily given in a particular search or given under duress, the totality of circumstances is reviewed. *United States v. Garcia* (9th Cir. 1993) 997 F.2d 1273, 1281-82, 1993 U.S. App. LEXIS 13490, *19. Factors guiding this consideration include: (1) whether the individual was in

---

violation of the Housing Code, penalties are recoverable only "...in a civil action brought by the City Attorney in any court ...".  Docket No. 8, Complaint, Ex. A, pg. 21, LAMC § 161.905.

CITY'S SUPPLEMENTAL BRIEF

custody; (2) whether the officer had his/her gun drawn; (3) whether Miranda warnings were given; (3) whether the individual was notified that he had a right no to consent; and (5) whether the individual was told a search warrant could be obtained. *Liberal v. Estrada* (9th Cir. 2011) 632 F. 3d 1064, 1082, 2011 U.S. App. LEXIS 957, *55. In a Section 1983 case, the plaintiff bears the burden of establishing each element of his claim, including lack of consent. *Larez v. Holcomb* (9th Cir. 1994) 16 F.3d 1513, 1517, 1994 U.S. App. LEXIS 2995, *11, 94 Cal. Daily Op. Service 1265, 94 Daily Journal DAR 2218.

Plaintiffs allege they were subjected to warrantless and non-consensual searches of their property and rental units by the City's use of forced consent arising from imposing SCEP fees and/or penalties. Such theory lacks facial plausibility to allege a cognizable Fourth Amendment injury because no colorable facts are alleged showing this nexus and the payment of SCEP fees pertains only to Periodic Inspections. Additionally, the payment of SCEP fees does not raise an inference of coerced inspections as (1) SCEP fees are appealable (LAMC § 161.1001.1) which shows that due process and opportunity for pre-compliance review is provided, and (2) the non-payment of the SCEP fee can only result in collection efforts via imposition of tax liens, nuisance abatement procedures and imposition of late charges and penalty fees via legal process Court Doc. 8, Complaint, Ex. A, pg. 6, 21-22, LAMC § 161.352, § 161.903.1, § 161.903.2. These circumstances, coupled with the absence of any allegations about custody or use of force, and because of SCEP's mandates observing federal law, underscore the folly that payment of SCEP fees causes warrantless/non-consensual searches or seizures.

/ / /

/ / /

10

**2.      Severability Clause.**

In the Order dated May 10, 2017 (Document No. 20), this Court noted the severability clause in Chapter XVI, Division 6 at LAMC § 161.103 and requested briefing on the effect of this clause on Plaintiffs' claims.

SCEP instructs the City Housing + Community Investment Dept. and its employees that SCEP shall be interpreted "…in conformity with the intent and purpose of this article" (Court Doc. 8, Complaint, Ex. A, pg. 8, LAMC § 161.406) and mandates conformance of conduct with state and federal law. Court Doc. 8, Complaint, Ex. A, pg. 9, LAMC §161.408. There are no as-applied facts raising any contrary interpretation. The severability clause at issue is prominently placed in Division 1 of Article 1 of SCEP stating if any part of SCEP is found to be unconstitutional or otherwise invalid, such invalidity shall not affect the remaining provisions of SCEP that can be implemented without the offending language. Docket No. 8, Complaint, Ex. A, pg. 2, LAMC § 161.103.

Contrary to Plaintiffs' conjecture, the words "without prior notice" in Complaint Inspections at LAMC § 161.603 does not modify the applicability of LAMC §161.408 Right To Inspect to Complaint Inspections nor do the words "without prior notice" mean that inspections are to be conducted without consent. The accuracy of this conclusion is supported by the many SCEP ordinances about giving advance notice (as distinct from conducting an inspection) in LAMC § 161.354 Notice And Orders; LAMC § 161.409 Service of Notices And Orders To Owner or Landlord; LAMC § 161.602.2 (untitled); and LAMC § 161.602.2 (untitled).  Thus, Complaint Inspections require consent except in exigent circumstances to protect the health and safety of tenants, and the SCEP severability clause gives the necessary assurance that even if Complaint Inspections were found to be facially invalid due to the language of "without prior

11

notice", that all remaining provisions of SCEP would have been enacted without the portions which are contrary to the constitution. Whereas this Court identified that Periodic Inspections appear to be facially lawful; the text in LAMC § 161.603 Complaint Inspections—specifically, that section's "without prior notice" language, states: "The General Manager may inspect without prior notice to the landlord or tenants those portions of buildings or dwellings units within the scope of this Ordinance about which a complaint has been lodged, and, in addition, may inspect the common areas of the building or other dwelling units subject to this article."

As an elementary rule, "every reasonable construction must be resorted to, in order to save a statue from unconstitutionality." *Johnson v. United States*, 135 U.S. 133, 150, 135 S. Ct. 2551, 2578, 192 L.Ed.2d 569, 601 (2015). Whenever a legislative act "contains unobjectionable provisions separable from those found to be unconstitutional, it is the duty of [the] court to so declare, and to maintain the act in so far as it is valid." *El Paso & N. R. Co. v. Gutierrez*, 215 U.S. 87, 96, 30 S. Ct. 21, 24, 54 L.Ed. 106, 111 (1909); *see also Alaska Airlines, Inc. v. Brock* (1987) 480 U.S. 678, 684, 107 S. Ct. 1476, 1479, 94 L.Ed.2d 661, 669. Where a severability clause exists, the valid portions of a statute or ordinance which is partially unconstitutional will be upheld if the remaining portion is severable and remains fully operative as a law. *See Exec. Bens. Ins. Agency v. Arkison* (2014) 573 U.S. — , 189 L.Ed.2d 83, 94; *In re Portnoy* (1942) 21 Cal. 2d 237, 242 , 131 P.2d 1, 3.

Under the standard for determining the severability of an unconstitutional provision, "[u]nless it is evident that the Legislature would not have enacted those provisions which are within its power, independently of that which is not, the invalid part may be dropped if what is left is fully operative as a law." *Buckley v.*

CITY'S SUPPLEMENTAL BRIEF

*Valeo*, 424 U.S. 1, 108, 96 S. Ct. 612, 677, 46 L.Ed.2d 659, 738 (1976). (Court upheld constitutionality of some provisions of a statute even though other provisions of the same statute were unconstitutional.)

In determining the effect of a statute's severability clause, federal courts look to state law. *See Leavitt v. Jane L.* (1996) 518 U.S. 137, 139, 135 L.Ed.2d 443, 447; *Lakewood v. Plain Dealer Pub. Co.* (1988) 486 U.S. 750, 772, 100 L.Ed.2d 771, 792. Under California law, "the general presumption of constitutionality, fortified by the express statement of a severability clause, normally calls for sustaining any valid portion of statute unconstitutional in part." *In re Blaney* (1947) 30 Cal. 2d 643, 655, 184 P.2d 892, 900. Broadly worded severability clauses call for a presumption in favor of severance. *Sam Francis Found. v. Christies, Inc.* (9th Cir. 2015) 784 F.3d 1320, 1325, 2015 U.S. App. LEXIS 7411, *12. Furthermore, in order for an invalid portion of a statute to be severed, it must be volitionally, grammatically, and functionally severable. *Acosta v. City of Costa Mesa* (9th Cir. 2013) 718 F. 3d 800, 817.

### A.   Volitionally Severable.

Text is volitionally severable where "it can be said with confidence that the [enacting body]'s attention was sufficiently focused upon the parts to be [validated] so that it would have separately considered and adopted them in the absence of the invalid portions." *Acosta, supra,* 718 F.3d. at 817-818. Here, in enacting section 161.603, it is clear that the City's attention was sufficiently focused on the purpose of protecting the health, safety, and welfare of the people of Los Angeles, and not on simply entering dwellings without prior notice.

### B.   Grammatically Severable.

Text is grammatically severable where it constitutes a separate section of the measure and can be removed without affecting the other measure's provisions.

13

*See Trailmobile Co. v. Whirls* (1947) 331 U.S. 40, 53, 67 S. Ct. 982, 988, 91 L.Ed. 1328, 1337; *Id.* at 819; *Cal. Tow Truck* 797 F.3d at 755. "To be grammatically separable, the valid and invalid parts of the statute can be separated by paragraph, sentence, clause, phrase, or even single words." *Vivid Entm't, LLC v. Fielding*, 774 F.3d 566, 574, 2014 U.S. App. LEXIS 23560, *11 (9th Cir. 2014). Here, removing the phrase "without prior notice to the landlord or tenants" does not affect the other measure's provisions or alter the meaning of the remaining text in any way.

### C.   Functionally Severable.

"Text is functionally severable where it is not necessary to the ordinance's operation and purpose." *Acosta*, *supra*, 718 F.3d. at 820. Here, the main purpose of SCEP is to promote the existence of sound and wholesome residential buildings and dwelling units and remedy the existence or prevent the development or creation of dangerous, substandard, or unsanitary and deficient residential buildings and dwelling units, for the health, safety and welfare of the people of Los Angeles. As such, severing the "without prior notice" language from section 161.603 is not necessary to the ordinance's purpose. Thus, the language at issue is severable, and the remaining portions of the ordinance should be upheld as constitutional. For those reasons, the severability clause prevents Plaintiff's putatively "facial" challenge from reaching the fees.

### 3.   Amendment To The Complaint Inspection Ordinance Moots This Lawsuit.

"A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *People of Gambell v. Babbitt* (9th Cir. 1993) 999 F.2d 403, 406, 1993 U.S. App. LEXIS 17477, *4, 93 Cal. Daily Op. Service 5374, 93 Daily Journal DAR 9119, 127 Oil & Gas Rep. 1.

CITY'S SUPPLEMENTAL BRIEF

"A statutory change [...] is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Outdoor Media Group, Inc. v. City of Beaumont* (9th Cir. 2007) 506 F.3d 895, 901, 2007 U.S. App. LEXIS 25508, *7. Where there is no longer any risk that a plaintiff will be subject to the challenged ordinance and there is no reasonable expectation that the city will reenact the challenged legislation, the amendment ends the ongoing controversy and no issue exists upon which a court could issue prospective relief. *See Citizens for Free Speech, LLC v. Cnty. of Alameda* (N.D. Cal. 2016) 194 F. Supp. 3d 968, 975; *Outdoor Media, supra,* 506 F.3d at 901; *Covenant Media of Cal., L.L.C. v. City of Huntington Park* (C.D. Cal. 2005) 377 F. Supp. 2d 828, 840, 2005 U.S. Dist. LEXIS 14718, *29.

Here, the proposed amendment to the Complaint Inspection Ordinance completely resolves Plaintiffs' concerns regarding coerced inspection and any potential of SCEP's facial invalidity, and cures the constitutional challenges at issue. The City has no intention to reenact the soon-to-be repealed aspects of the Complaint Inspection Ordinance. In short, Plaintiffs can soon no longer be subject to the challenged Ordinance, thus rendering all remaining post-FRCP 12(b)(6) claims moot and warranting dismissal.

Dated:  May 30, 2017          MICHAEL N. FEUER, City Attorney
                              CRAIG TAKENANAK, Man. Asst. City Attorney
                              DEBORAH BREITHAUPT, Deputy City Attorney

                    By:_____/s/_____
                              DEBORAH BREITHAUPT

                    Attorneys for Defendant City of Los Angeles *et. al.*

CITY'S SUPPLEMENTAL BRIEF